UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nam Ngoc TRAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Christopher LAROSE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 25-cv-2366-AGS-KSC<br><br>**AMENDED ORDER REQUIRING RESPONSE** |

　　　Petitioner Nam Ngoc Tran seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, the Court need not assess his likelihood of success, but he has set out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting use of those Rules to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

　　　Tran was ordered "deportable" in 2010, but ICE "could not effectuate the removal," so Tran was released. (ECF 1, at 1.) Yet on August 12, 2025, he returned to immigration custody. (*Id.* at 2.) Tran claims the government revoked his release even though there has been no "change in circumstances making it likely" that Tran will be removed in the "reasonably foreseeable future," and he was not "provided any reason for the revocation," all in violation of the Due Process Clause. (*Id.* at 7–8.) It appears from the face of the petition that he may be entitled to relief. *See* 8 C.F.R. § 241.13(i)(2) ("The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the

alien may be removed in the reasonably foreseeable future."); *id.* § 241.13(i)(3) ("Upon revocation, the alien will be notified of the reasons for revocation of his or her release.").

The previously set deadlines are vacated. By **October 2, 2025**, respondent must respond to the petition. Petitioner may, but is not required to, file a reply in support of the habeas petition by **October 16, 2025**.

Dated:  September 23, 2025

Hon. Andrew G. Schopler
United States District Judge